**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ALLISON KITTREDGE,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:06-cv-1705-Orl-28KRS**

**COUNTY TRANSPORTATION GROUP,
INC.,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 13)**
>
> **FILED:**    **February 27, 2007**

**I.    PROCEDURAL HISTORY.**

On November 3, 2006, Plaintiff Allison Kittredge filed a complaint against County Transportation Group, Inc. ("County Transportation"),[1] and Eric Primavera alleging a violation of the overtime provisions of the Fair Labor Standard Act (FLSA), 29 U.S.C. § 201 *et seq.* Doc. No. 1. The complaint was served on each of the defendants. Doc.

---

[1] The text of the complaint spells the defendant's name as "Country Transportation Group,Inc." but no other document in the case uses this spelling.

Nos. 6, 7. Neither defendant responded to the complaint. Accordingly, at Kittredge's request, the Clerk of Court entered a default against each defendant. Doc. No. 10.

Kittredge then filed the present motion for entry of a default judgment against the defendants. Doc. No. 13. She filed the following evidence in support of the motion:

- Affidavit of Allison Kittredge, doc. no. 13-2 (Kittredge Aff.);
- Plaintiff's Attorney Fee Affidavit, doc. no. 13-3 (Scalise Aff.), and accompanying exhibits, doc. nos. 13-4 and 13-5.

## II.   STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for the entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)).

However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

## III.   ALLEGATIONS OF THE COMPLAINT.

Kittredge was employed by County Transportation, a taxi company, from October 2005 to February 2006, and was engaged in commerce as defined by the FLSA. Doc. No. 1 ¶¶ 4, 7. County Transportation is an employer as defined in the FLSA, and engaged in commerce as defined in the FLSA. *Id.* ¶¶ 5, 6.

Primavera was an owner and/or officer of County Transportation and was substantially in control of the terms and conditions of Kittredge's work. As such, he is also an employer as defined in the FLSA. *Id.* ¶¶ 8, 9.

During the term of Kittredge's employment, County Transportation and Primavera repeatedly and willfully failed to compensate Kittredge at a rate no less than one and one-half times her regular rate of pay for workweeks in which Kittredge worked more than forty hours. *Id.* ¶ 11.

## IV.   ANALYSIS.

   *A.   FLSA Overtime Compensation Claim.*

      1.   <u>Liability</u>.

To prevail on a claim for payment of overtime under the FLSA, Kittredge must establish the following:

> First, that she was employed by County Transportation during the time period involved;
>
> Second, that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

> Third, that County Transportation failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

In addition, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id*. at 638.

By failing to answer the complaint, County Transportation admits that it employed Kittredge during the relevant time period. It admits that it was an employer and was required to comply with the FLSA. It also admits that it failed to pay overtime as required by the FLSA. In addition, by failing to answer the complaint, Primavera admits that he was substantially in control of the terms and conditions of Kittredge's work. Accordingly, County Transportation and Primavera are jointly and severally liable to Kittredge for overtime compensation due but unpaid.

   2.   Damages.

      (a)   *Overtime Compensation*.

Under the FLSA, Kittredge is entitled to be paid one and one-half times her regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Kittredge avers that she was compensated at a rate of $7.50 per hour.

-4-

Kittredge Aff. ¶ 4. Kittredge avers that she "was not compensated at a rate of one and one-half times my regular rate of pay for all hours worked over 40 hours per week." *Id*. ¶ 5. Kittredge further avers that "[f]rom October 2005 to February 2006, I estimate I worked 100 hours of overtime for which I did not receive any compensation." *Id*. ¶ 6. Based on her hourly rate of $7.50, Kittredge calculates that she is entitled to $11.25 per hour, for a total amount due of $1,125.00. *Id*. ¶¶ 6, 7.

It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, the defendants have not answered the complaint. Thus, I find that Kittredge's affidavit is sufficient evidence to show the amount and extent of the work she performed.[2] *Id*.

Thus, Kittredge is entitled to 100 hours of unpaid overtime compensation at a rate of $11.25 per hour ($7.50 hourly rate multiplied by 1.5). Accordingly, County

---

[2] Kittredge's affidavit is barely sufficient. She provides no information regarding the basis for her estimate that she worked 100 hours for which she received no compensation, such as average amount of overtime worked in any particular workweek or even an estimate about the number of days on which she worked overtime. *See* Kittredge Aff. ¶ 5. Nevertheless, because the defendants have defaulted, Kittredge's estimate is deemed to be sufficient.

Transportation and Primavera are liable, jointly and severally, to pay Kittredge $1,125.00 (100 hours x $11.25 per hour) for unpaid overtime compensation under the FLSA.

(b)     *Liquidated Damages*.

By failing to answer the complaint, County Transportation and Primavera admit that they acted willfully in failing to pay Kittredge the statutorily required overtime compensation.  When, as here, the defendants have not presented a defense that the failure to pay minimum wages or overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]"  29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).  Accordingly, County Transportation and Primavera are liable, jointly and severally, to pay Kittredge the amount of unpaid overtime compensation owed to her, $1,125.00, as liquidated damages.

*B.     Attorney's Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount, which is commonly referred to as

the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Kittredge seeks an award of $2,713.50 for the services provided by her attorneys and their paralegal in connection with this case. Scalise Aff. ¶ 7. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

        1.        <u>Hourly Rate</u>.

Kittredge seeks compensation for the work of two attorneys, Konstantine Pantas and Charles Scalise. Scalise avers that he has been licensed to practice law in Florida since 1988. He has over eighteen years of litigation experience and has practiced exclusively in the area of employment law for seven years. He seeks a rate of $300.00 per hour. Scalise Aff. ¶ 4.

Scalise avers that Attorney Pantas has been licensed to practice law in Florida since 1993. He has over thirteen years of litigation experience and has practiced exclusively in the area of employment law since 2000. He seeks a rate of $300.00 per hour. Scalise Aff. ¶ 5.

Kittredge also seeks compensation for the work of Judy Cane, a paralegal. Scalise avers that Cane has worked as a paralegal since 1999. She has experience drafting pleadings, discovery, motions, and affidavits. State courts in Florida have determined that a reasonable rate for her services is $95.00 per hour, which is the rate Scalise seeks for her work in this case. Scalise Aff. ¶¶ 6, 7.

In other FLSA cases, this Court has previously determined that a reasonable rate for Scalise's and Pantas's services, considering the Orlando legal market, is $250.00 per hour. *See, e.g.*, *Reyes v. Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D. Fla. Oct. 12, 2006). Considering the Orlando legal market and awards in similar cases, an hourly rate of $250.00 for work performed by Scalise and Pantas is appropriate in the absence of objection. The Court has previously approved an hourly rate of $95.00 for work performed by Cane. *See id*, at *4.

  2. <u>Reasonable Number of Hours</u>.

Scalise submitted a time statement indicating the work performed by the individuals for whom fees are sought in this case, which reflects the number of hours worked by each individual as follows:

    Charles Scalise:  5.9 hours

    Konstantine Pantas: 2.1 hours

    Judy Cane:   3.3 hours

Scalise Aff. at 2.

After a review of the timesheet, all of the entries appear reasonably related to work necessary to the case.  Therefore, in the absence of objection, I recommend that the Court approve all of the hours requested.

  3. <u>Lodestar</u>.

Based on these recommendations, the lodestar attorney's fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Charles Scalise | $250.00 | 5.9 | $1,475.00 |
| Konstantine Pantas | $250.00 | 2.1 | $525.00 |
| Judy Cane | $95.00 | 3.3 | $313.50 |
| **Total Award:** | | | **$2,313.50** |

  4. <u>Costs</u>.

Kittredge seeks an award of costs in the amount of $426.75 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($76.75).  Scalise Aff. ¶ 8 & related exhibits (doc. no. 13-4 & 13-5).  The docket sheet confirms that

Kittredge paid a filing fee of $350.00.  The exhibits confirm that Kittredge incurred costs of $76.75 for service of process.  Accordingly, I recommend that the Court approve an award of costs in the amount of $426.75.

**V.     RECOMMENDATION.**

I respectfully recommend that Kittredge's Motion for Entry of Final Default Judgment (Doc. No. 31) be **GRANTED** in part and **DENIED** in part.  I further recommend that the Court enter a default judgment against County Transportation and Primavera on Kittredge's FLSA claim for unpaid overtime compensation and order County Transportation and Primavera to pay Kittredge damages, jointly and severally, in the amount of $2,250.00; attorney's fees in the amount of $2,313.50; and costs in the amount of $426.75.  I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 20, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy